IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL, | ) | 8:08CV166 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on April 7, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 13.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on April 7, 2008 against four defendants, Nebraska Attorney General Jon Bruning, the Nebraska Child Support Payment Center ("NCSPC"), the Douglas County Child Support Office ("DCCSO"), and the Nebraska Department of Health and Human Services ("HHS"). (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff is currently incarcerated in a Federal Correctional Institution in Pekin, Illinois. (*Id.* at CM/ECF pp. 3, 24.)

Condensed and summarized, Plaintiff alleges that Defendants garnished his income to pay his child support debt. (*Id.* at CM/ECF p. 3.) Plaintiff alleges that he did not "sign [a] contract to pay child support" and that garnishment of his income is a "criminal act." (*Id.* at CM/ECF p. 5.) Plaintiff seeks "[w]hatever injunction is necessary" and to be reimbursed for his garnished income plus "interest." (*Id.* at CM/ECF pp. 5, 24.)   Plaintiff also seeks monetary relief in the amount of

"$11,000,000 to $110,000,000," but would settle for "$90,000,000."[1] (*Id.* at CM/ECF p. 27.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected

---

[1]This amount is Plaintiff's "estimated" damages request. Plaintiff makes a series of monetary damage requests against each Defendant; these requests range from $1,000,000.00 to $10,000,000.00. (Filing No. 1 at CM/ECF pp. 26-27.)

by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Plaintiff's Monetary Damages Claims Against Defendants Bruning, NCSPC, and HHS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "[t]his court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in his or her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d

201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff seeks both monetary damages and injunctive relief. (Filing No. 1 at CM/ECF pp. 5, 24, 27.) However, Plaintiff failed to specify the capacity in which he sues Defendant Bruning. (*Id.* at CM/ECF pp. 1-33.) Thus, the court presumes Defendant Bruning is sued in his official capacity only. As set forth above, the Eleventh Amendment bars damages claims against a state, its instrumentalities, and state employees sued in their official capacities. Defendant Bruning is a state employee and Defendants NCSPC and HHS are state instrumentalities. Therefore, Defendants Bruning, NCSPC, and HHS enjoy sovereign immunity, and Plaintiff's monetary damages claims against them are dismissed pursuant to 28 U.S.C. § 1915(e).

  B. <u>Plaintiff's Remaining Claims</u>

The court now turns to Plaintiff's claims for injunctive relief, and Plaintiff's claims against Defendant DCCSO. As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416

(1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486.

Here, Plaintiff seeks relief from a state court decision relating to child support payments. (Filing No. 1 at CM/ECF pp. 2, 29.) Specifically, Plaintiff requests that the court prevent Defendants from enforcing the state-court judgment, and to "open up all the cases" which resulted in his payment of child support. (*Id.* at CM/ECF pp. 5-6.) As discussed above, a federal district court does not possess authority to review or alter a final judgment of a state court judicial proceeding. In particular, this court does not have the authority to re-open all of Plaintiff's state-court child support cases. Furthermore, "as long as the state court judgment stands, it may be enforced, whether by garnishment or such other means as state law provides." *Rosenberger v. New York State Office of Temp. and Disability Assistance*, No. 05-0592, 2005 WL 2327229, at *2 (2d Cir. 2005) (affirming dismissal on *Rooker-Feldman* grounds where plaintiff challenged a state statute authorizing the garnishment of his wages to pay child support debt). Because this court does not have the authority to review the state court's judgment regarding Plaintiff's child-support payments, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. All pending motions are denied as moot.

3. A separate Judgment will be entered in accordance with this Memorandum and Order.

August 11, 2008.                BY THE COURT:

                                *s/Richard G. Kopf*
                                United States District Judge